FILED

MAR 2 2 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| Richard Eicher, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § | CA No.: 7:16-CV-72 |
| v. | § § | |
| Baker Hughes Incorporated. | § § | Collective Action Jury Demanded |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Richard Eicher ("**Plaintiff**"), individually and on behalf of all other non-exempt "**Welders**" currently and formerly employed by Baker Hughes Incorporated ("**Baker Hughes**"), each of whom are similarly situated, brings this Fair Labor Standards Act ("**FLSA**") suit against Baker Hughes ("**Defendant**") and shows as follows:

### A.     Nature of Suit.

1.      The FLSA was passed by Congress in 1938 as remedial legislation intended to benefit and protect workers. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728,739 (1981); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947). One of the primary purposes of the FLSA is to protect workers from "substandard wages and oppressive working hours." *Barrentine*, 450 U.S. at 739; *see* 29 U.S.C. § 202(a), (b) (stating Congress' intent to eliminate substandard labor conditions). "[T]he FLSA was designed to give specific minimum protections to *individual* workers and to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942) (quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt))). To achieve its humanitarian goals, the FLSA "limits to 40 a week

# 700010189

the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.     Defendant failed to pay Plaintiff and the Class Members in accordance with the FLSA. Specifically, Plaintiff and the Class Members were paid as independent contractors instead of as employees. As a result, Defendant failed to pay Plaintiff and the Class Members at the minimum wage or at time and one half their regular rate of pay for hours worked in a workweek in excess of forty hours.

**B.      Parties.**

3.     Plaintiff is an individual residing in this District who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Plaintiff's consent to be a party plaintiff is being filed as Exhibit A to this Complaint.

4.     Baker Hughes is a corporation existing under the laws of Texas.  Baker Hughes has an office in this District and Division.  Baker Hughes may be served by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.     Baker Hughes has Welders working throughout Texas and the United States.

6.     The "**Class Members**" are Baker Hughes' current and former employees who, within the actionable time period, were employed as welders at any location in the United States but who were paid as independent contractors.  The Class Members were known as "Welders" but this collective action is intended to cover all employees who performed welding services and who were paid as independent contractors, regardless of actual job title. The Welders were and are paid a

straight-time hourly rate and not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours worked more than forty (40) in a workweek.

## C.     Jurisdiction and Venue.

7.     Venue of this action is proper in this district because the events giving rise to the cause of action alleged herein occurred in this judicial district and Baker Hughes maintains one or more regional offices in this District and Division. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

8.     Baker Hughes carries on substantial business in the Western District of Texas, has a regional office in this Division and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

9.     Further, the acts and omissions that form the basis of the lawsuit (i.e., Baker Hughes' failure to pay overtime compensation) occurred within this District.

10.     This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

11.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## D.     Coverage.

12.     At all material times, Baker Hughes has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

13.     At all material times, Baker Hughes has acted, directly or indirectly, in the interest of an employer with respect to the Class Members.

14.     At all material times, Baker Hughes has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     At all material times, Baker Hughes has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all material times, Baker Hughes has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). The Welders worked on equipment that had traveled in interstate commerce and used the instrumentalities of interstate commerce in the performance of their duties.

17.     At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206 - 07.

### E.     Factual Allegations

18.     Baker Hughes is a supplier of oilfield services, products, technology and systems to the worldwide oil and natural gas industry. It provides various oil field services products, technology and systems to the oil and gas industry throughout the United States.

19.     Plaintiff worked for Baker Hughes as a Welder within the three years preceding this lawsuit.

20.     As a Welder Plaintiff's job responsibilities included, among others, welding as directed by Defendant at one of the Defendant's work locations.

21.     Plaintiff and the Class Members were blue-collar workers.

22.     Plaintiff's and the Class Members job duties were those of a nonexempt employee under the FLSA.

23.     The Class Members were/are Welders who also performed welding-related duties.

24.     For the work Plaintiff and the Class Members performed as Welders, Plaintiff and the Class Members were/are paid as independent contractors. Plaintiff and the Class Members were/are paid a straight time hourly rate.

25.     Defendant misclassified Plaintiff and the Class Members, treating them as independent contractors rather than employees. In reality, the alleged independent contractors were/are actually employees of Defendant who performed non-exempt work that is part of the fundamental service provided by Defendant.

26.     Plaintiff and the Class Members worked long hours.  On many occasions Plaintiff and the Class Members worked more than 8 hours a day and at least five days a week.  Specifically, Plaintiff worked more than 40 hours in some of the work weeks covered by this lawsuit.

27.     Plaintiff and the Class Members routinely worked 40+ hours a week as part of their regular job duties.

28.     Defendant was aware that Plaintiff and the Class Members worked 40+ hours per week yet did not pay Plaintiff and the Class Members overtime.  Defendant was aware that Plaintiff and the Class Members were working more than 40 hours a week because Plaintiff and the Class Members turned in their hours worked on a daily or weekly basis.

29.     Upon information and belief, throughout all relevant time periods and during the course of the Plaintiff's and Class Members' respective employment, and while Defendant employed

Plaintiff and the Class Members, Defendant failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

30.     During their employment, Plaintiff and the Class Members worked in excess of forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay for overtime.

31.     Baker Hughes has employed and continues to employee numerous other individuals who performed and continue to perform the same or similar duties under the same or similar pay policies as Plaintiff. These other individuals are the Class Members.

32.     Defendant has violated Title 29 U.S.C. § 207 in that:

      a.     Plaintiff and the Class Members worked in excess of forty (40) hours per week during one or more weeks of employment; and

      b.     No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and the Class Members at the statutory rate of one and one-half times the regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

### F.     Collective Action Allegations.

33.     Plaintiff and the Class Members are/were all non-exempt employees of Baker Hughes and performed the same or similar job duties as one another in that they all performed welding duties.

34.     All of these individuals are/were and are paid in the same manner, i.e., as an independent contractor and not as an employee. The individuals were not paid proper overtime compensation.

35.     All of these individuals are/were deprived of overtime pay even though they routinely worked in excess of forty (40) hours in a workweek.

36.     Further, Plaintiff and the Class Members are/were subjected to the same pay provisions in that they are/were all paid as an independent contractor but were not compensated at a rate one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. In reality, the Welders who were alleged to be independent contractors were/are actually employees of Defendant

37.     Thus, the Class Members are overtime wages for the same reasons as Plaintiff.

38.     Defendants' failure to compensate Plaintiff and the Class Members at rate one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice applicable to Plaintiff and the Class Members.

39.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all Class Members.

40.     Accordingly, the Class Members of similarly situated plaintiffs is properly defined as:

   a. **All Welders (regardless of specific title) who worked for Baker Hughes within the last three years, who were paid as independent contractors and not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours worked more than forty (40) in a workweek.**

41.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

42.     Defendant's willful violation is evidenced in part by that fact that Welders are traditionally paid on an hourly basis and are non-exempt employees.  Defendants are aware of this traditional pay method.  On information and belief Defendant choose to ignore that Welders are non-

exempt employees because it was cheaper to treat them as independent contractors than as the employees they actually were. Additionally, there is no reasonable basis for Defendant to believe that Plaintiff and the Class Members were exempt under the FLSA or that Defendant's practices were permitted by the FLSA.

43.     Defendant did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did it act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

### G.     Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

44.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

45.     Plaintiff and the Class Members were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

46.     During the relevant period, Defendant violated § 207 of the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

47.     At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

48.     To date, Defendant continues to fail to pay the Class Members their FLSA mandated overtime pay.

49.     Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff and the Class Members at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours in a workweek when they knew, or should have known, such was, and is due.

50.     Defendant has failed to properly disclose or apprise Plaintiff and the Class Members of their rights under the FLSA.

51.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the Class Members suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in a workweek, plus liquidated damages.

52.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## H.     Jury Demand.

53.     Plaintiff demands a trial by jury herein.

## I.     Relief Sought.

54.     Wherefore, Plaintiff, individually and on behalf of the Class Members, respectfully requests that this Court grant the following relief for the time period beginning three years prior to the date of the filing of this suit and continuing to the date of trial:

a.     Designation of this action as a collective action on behalf of the Plaintiff and Class Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals, appraising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to participate in the suit pursuant to 29 U.S.C. §216(b);

b.      An order requiring Defendant to turn over to Plaintiff, at Defendant's expense, a detailed investigative accounting for the number of overtime-eligible hours actually worked by the Plaintiff and all the Class Members;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d.      An order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA and related laws and regulations;

e.      An order imposing a Federal Monitor to be put in place for 5 years at Defendant's expense with the power to subpoena, observe and report and ensure Defendant's compliance with the FLSA.

f.      A finding that Defendant's actions are willful under the FLSA;

g.      An award of unpaid wages for overtime compensation due under the FLSA and continuing until the time of trial;

h.      An award of liquidated damages as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA and continuing until the time of trial;

i.      An award of prejudgment and post judgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

k.      Incentive awards for the lead Plaintiff(s);

l.      Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

m.      Equitably tolling of the statute of limitations for the Class Members effective the date of the filing of this Complaint; and

n.      Such other and further relief as this Court deems just and proper.

Respectfully submitted:

By:      */s/ Chris R. Miltenberger*
                Chris R. Miltenberger
                Texas State Bar Number 14171200
                Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger,
PLLC**
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Motion for Admission Pro Hac Vice
Forthcoming

Attorney for Plaintiff